**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | ) | |
| **FOR THE USE AND BENEFIT OF** | ) | |
| **PALMETTO GENERAL** | ) | |
| **CONTRACTING, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **ARROWHEAD CONTRACTING, INC.** | ) | |
| **& AMERICAN CONTRACTORS** | ) | |
| **INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff, The United States of America for the use and benefit of

Palmetto General Contracting, LLC, ("Plaintiff") by and through its undersigned counsel, and for

its Complaint against the Defendants, Arrowhead Contracting, Inc. ("Arrowhead") and American

Contractors Indemnity Company ("American Contractors"), states and shows this Honorable

Court more particularly as follows:

**PARTIES**

1.      Plaintiff, Palmetto General Contracting, LLC, is a South Carolina limited liability

company and is entitled to invoke the jurisdiction of this honorable Court inasmuch as Plaintiff is

authorized to file suit pursuant to 40 U.S.C. § 3131, et seq.

2.      Defendant, Arrowhead Contracting, Inc., is a corporation organized under the

laws of Florida. It is subject to the jurisdiction and venue of this Honorable Court and may be

served by serving its registered agent, George R. Mead, II, 350 W. Cedar Street, Suite 100

Pensacola, Florida 32502.

3.    Arrowhead was the prime contractor on the federal projects at issue.

4.    Defendant American Contractors Indemnity Company is a foreign insurance corporation organized under the laws of the State of California. American Contractors is regularly conducting business in the State of Alabama and is registered to conduct business in the State of Alabama. American Contractors is subject to the jurisdiction and venue of this Honorable Court and may be served by serving its registered agent, National Registered Agents, Inc., 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

## JURISDICTION AND VENUE

5.    Jurisdiction is vested in this honorable Court pursuant to 28 U.S.C.A. § 1331 because claims herein arise under the Miller Act, 40 U.S.C. § 3131, et seq. ("Miller Act"). This honorable Court has supplemental jurisdiction over any state law claims herein pursuant to 28 U.S.C.A. § 1367.

6.    Venue is proper in this Honorable Court pursuant to 40 U.S.C. § 3133(b)(3) because the Projects at issue are located in Dale County, Alabama within the venue of the United States District Court for the Middle District of Alabama, Southern Division.

## FACTUAL ALLEGATIONS

6.    On or about September 29, 2023, the United States, through US Army Corps of Engineers, entered into contracts with Defendant, Arrowhead, for renovations to building number 30137, located at Fort Rucker, Dale County, Alabama and renovations to building number 6621, located at Fort Rucker, Dale County, Alabama ("the Projects").

7.    As required by the terms of the contracts and the Miller Act, Arrowhead furnished payment bonds ("Payment Bonds") securing its payments of the labor, materials, goods, and

services furnished to the Projects. Arrowhead is the principal under the payment bonds, and American Contractors is the surety under that Payment Bonds.

8.     Arrowhead entered into subcontracts with the Plaintiff for the construction of certain portions of the Projects, including demolition and removal of walls, doors, door frames, acoustical ceilings and bathrooms as well as installation of new walls, doors, door frames, acoustical ceilings, partitions between briefing rooms, sliding windows, toilets and finished surfaces in the bathrooms and vanities and other scope of work set forth in the Subcontracts ("Subcontracts"). The initial value of the Subcontract for building number 6621 between Arrowhead and the Plaintiff was $257,349. A true, correct, and admissible copy of the relevant portion of the Subcontract is attached hereto and incorporated herein as **Exhibit A**. The initial value of the Subcontract for building number 30137 between Arrowhead and the Plaintiff was $410,381. A true, correct, and admissible copy of the relevant portion of the Subcontract is attached hereto and incorporated herein as **Exhibit B**.

9.     Throughout the course of the Projects there were significant delays due to Arrowhead's lack of planning, lack of supervision, and lack of personnel onsite. On several occasions, Plaintiff was delayed in performance of its work due to Arrowhead's failure to schedule and coordinate the work of other subcontractors. The Plaintiff has supplied and installed the entirety of its work scope at the Projects in full accordance with its obligations under the Subcontracts.

10.     Currently, Arrowhead is indebted to the Plaintiff in the sum of $80,831.59 for outstanding billings, which includes outstanding change orders for work completed and accepted by Arrowhead. The aforesaid amount does not include interest on unpaid invoices. Plaintiff

reserves the right to amend its Complaint to supplement its damages when these amounts become liquidated and finally known.

11.    As a direct subcontractor to Arrowhead, the Plaintiff is not required to provide any further notice to Defendant other than that which has already been provided. Plaintiff has demanded payment, but Arrowhead has failed and refused such payment. Plaintiff has performed all conditions precedent to bring this action.

## COUNT I – BREACH OF CONTRACT AGAINST ARROWHEAD CONTRACTING, INC.

12.    Plaintiff incorporates by express reference herein its allegations set forth above in paragraphs 1 through 11.

13.    Arrowhead has breached its contracts with the Plaintiff, among other ways, by failing to pay Plaintiff for the work it has performed.

14.    Because of its breach of the contracts, Arrowhead is liable to Plaintiff for the damages set forth above in paragraph 10.

15.    As a commercial debt, Arrowhead is also liable to Plaintiff for prejudgment interest.

16.    Arrowhead is also liable to Plaintiff for legal post-judgment interest.

## COUNT II – QUANTUM MERUIT AGAINST ARROWHEAD CONTRACTING, INC.

17.    Plaintiff incorporates by express reference herein its allegations set forth above in paragraphs 1 through 16.

18.    Plaintiff has provided valuable goods and services to the Projects and to Arrowhead.

19.     Arrowhead has freely and voluntarily accepted the valuable goods and services provided by the Plaintiff.

20.     Arrowhead has retained the valuable goods and services provided by the Plaintiff.

21.     It would be unjust and inequitable to permit Arrowhead to retain the valuable goods and services provided by the Plaintiff without paying the reasonable value of those goods and services.

22.     Plaintiff is entitled to a judgment against Arrowhead for the amounts set forth in paragraph 10 above, as the reasonable value of the goods and services provided by Plaintiff and retained by Arrowhead.

23.     As a commercial debt, Arrowhead is also liable to Plaintiff for prejudgment interest on Plaintiff's claim for quantum meruit.

24.     Arrowhead also liable to Plaintiff for post-judgment interest on Plaintiff's claim for quantum meruit.

### COUNT III – ALABAMA PROMPT PAYMENT ACT VIOLATION

25.     Plaintiff incorporates by express reference herein its allegations set forth above in paragraphs 1 through 24.

26.     Section 8-29-3 of the Alabama Code states in pertinent part:

"(b) When a subcontractor has performed pursuant to his or her contract and submits an application or pay request for payment or an invoice for materials to a contractor in sufficient time to allow the contractor to include the application, request, or invoice in his or her own pay request submitted to an owner, the contractor shall timely pay to the subcontractor in accordance with the payment terms agreed to by the contractor and

subcontractor, but if payment terms are not agreed to, then within seven

days of receipt of payment from owner by mailing via first class mail or

delivering the amount received for the subcontractor's work and materials

based on work properly completed or service properly provided under the

contract.

(d) If the owner, contractor, or subcontractor does not make payment in

compliance with this chapter, the owner, contractor, or subcontractor shall

be obligated to pay his or her contractor, subcontractor, or sub-

subcontractor interest at the rate of one percent per month (12% per

annum) on the unpaid balance due."

27.    Upon information and belief, all or part of the amount set forth in Paragraph 10 has been paid by the owner of the Projects, the U.S. Army Corp of Engineers, to Arrowhead. However, Arrowhead has not paid the amounts set forth in Paragraph 10. As such, Arrowhead is in violation of Section 8-29-3 of the Alabama Code ("Alabama Prompt Payment Act").

28.    Plaintiff is entitled to a judgment against Arrowhead for the amounts unlawfully withheld by Arrowhead and for the interest on said amounts as set forth in Section 8-29-3 (d).

29.    Plaintiff sues for not only the recovery of the amounts wrongfully withheld by Arrowhead, but Plaintiff also sues for the recovery of its reasonable and necessary attorneys' fees and costs pursuant to Alabama Code Section 8-29-6.

## COUNT IV – BREACH OF PAYMENT BOND AGAINST ARROWHEAD CONTRACTING, INC. AND AMERICAN CONTRACTORS INDEMNITY COMPANY

30.    Plaintiff incorporates by express reference herein its allegations set forth above in paragraphs 1 through 29.

31.     More than 90 days but less than 365 days have elapsed from the day on which Plaintiff last performed labor or last furnished materials to the Projects.

32.     Payment to the Plaintiff for the labor, materials, goods, and service provided by the Plaintiff to the Projects are guaranteed by the Payment Bonds issued to Arrowhead by American Contractors.

33.     Arrowhead's failure to pay the Plaintiff for the labor, materials, goods, and services provided to the Projects is a breach of the terms of the Payment Bonds.

34.     Arrowhead and American Contractors are jointly and severally liable to Plaintiff for the damages set forth in paragraph 10 above, as a breach of the Payment Bonds.

35.     Plaintiff is entitled to the other damages and benefits provided under the Miller Act, and the Payment Bonds provided by Arrowhead and American Contractors.

## JURY DEMAND

Plaintiff demands a trial by a jury of twelve (12) for all counts so triable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against Arrowhead and American Contractors for the damages and other relief set forth herein, together with pre-judgment and post-judgment interest, reasonable attorneys' fees, the costs of this action, and such other relief that this Court may find just and equitable.

Respectfully submitted this 20th day of January, 2026.

Harry P. Hall, II (ASB-1371-L71H)
*Counsel for Plaintiff*
FarmerPrice LLP
100 Adris Place
Dothan, Alabama  36303
(334) 793-2424
harry@farmerprice.com

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Of Counsel

ADDRESSES FOR SERVICE:

Arrowhead Contracting, Inc.
George R. Mead, II, Registered Agent
350 W. Cedar Street, Suite 100
Pensacola, FL 32502

American Contractors Indemnity Company
National Registered Agents, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104